IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DOUGLAS LEE FREEMAN,**

    Plaintiff,

v.                                                                Civil Action No. **3:19CV699**

**ALLWYN R. SIELAFF,**

    Defendant.

**MEMORANDUM OPINION**

Plaintiff, a Virginia inmate proceeding *pro se* submitted this action. By Memorandum Order entered on October 22, 2020, the Court informed Plaintiff that:

> The Complaint in this action fails to comply with Federal Rule of Civil Procedure 8(a). That rule provides:
> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.
> Fed. R. Civ. P. 8(a). Plaintiff fails to identify the basis for the Court's jurisdiction or provide a short and plain statement of his claim. Within fifteen (15) days of the date of entry hereof, Plaintiff is DIRECTED to file a complaint that complies with Federal Rule of Civil Procedure 8(a).
> To the extent Plaintiff wishes to pursue a complaint under 42 U.S.C. § 1983,[1] he must clearly cite that statute and allege facts that indicate that a person

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Plaintiff should also list the defendants in the first paragraph of his complaint. Thereafter, in the body of the complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the complaint that support that assertion. Plaintiff shall also include a prayer for relief. Failure to file an appropriate complaint within fifteen (15) days of the date of entry hereof will result in dismissal of the action. *See* Fed. R. Civ. P. 41(b).

(ECF No. 10, at 1–2.) More than fifteen days have elapsed since the entry of the October 22, 2020 Memorandum Order and Plaintiff has not responded. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate order will accompany this Memorandum Opinion.

Date: 21 January 2021
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge